UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-1668-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting his allegations and assessing the medical opinion evidence, and that these errors led to an incomplete residual functional capacity ("RFC") assessment and hypothetical at step five. (Dkt. # 22 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1992, has two years of college education and training as an electrician, and has worked as a commercial fisherman, apprentice electrician, and gardener. AR at 263, 271-72. Plaintiff was last gainfully employed in April 2016. *Id.* at 272.

ORDER - 1

In September 2017, Plaintiff applied for benefits, alleging disability as of April 8, 2016. AR at 96-97, 245-46. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 157-65, 169-85. After the ALJ conducted a hearing in February 2020 (*id*. at 57-95), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 38-51.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: degenerative disc disease and dyslexia.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can perform light work with additional limitations: he can sit for a total of six hours in an eight-hour workday, for one hour at a time, after which he needs to stand and stretch for a few minutes at the workstation, and he can continue working while in the changed position. He can stand/walk for two hours at a time with usual and customary breaks for a total of six hours in an eight-hour workday. All of his postural activities are limited to frequent, except he can stoop and crouch occasionally. He can never climb ladders, ropes, or scaffolds. He has no limitations as to climbing ramps or stairs. He must avoid concentrated exposure to vibrations and hazards such as unprotected heights. He is capable of simple, routine tasks. He can maintain concentration for simple, routine tasks in two-hour increments with the usual and customary breaks throughout an eight-hour workday.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 38-51.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

1 | Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A.      The ALJ Did Not Harmfully Err in Discounting Plaintiff's Allegations**

The ALJ summarized Plaintiff's subjective allegations and explained that she discounted them because: (1) his physical allegations were not corroborated by the objective medical evidence, which was largely unremarkable; (2) he used a cane for ambulation without a

ORDER - 3

prescription; (3) his mental allegations were not corroborated by the objective mental findings, and Plaintiff did not take medications or engage in counseling for his symptoms; and (4) the record contains some evidence of symptom magnification. AR at 43-46. Absent evidence of malingering, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ failed to provide legally sufficient reasons to discount his testimony. He challenges the ALJ's first reason on the grounds that the ALJ did not summarize the entire longitudinal record in finding it "largely unremarkable," and that the ALJ cherry-picked normal findings from a record that also contains abnormal findings. (Dkt. # 22 at 7.) The ALJ acknowledged the existence of some abnormal findings, however. *See* AR at 45 ("While the claimant has some abnormal findings on physical examination . . ."). Plaintiff has not identified any evidence of abnormal functioning that negate the ALJ's citation to substantial evidence of normal neurological functioning, normal gait, negative straight leg raises, and normal muscle strength and tone. *See id*. Various nerve findings cited by Plaintiff (dkt. # 22 at 5-7) do not pertain to Plaintiff's functionality or show that the ALJ overlooked evidence in finding that the objective evidence of Plaintiff's functioning largely failed to corroborate Plaintiff's allegations. Even if this reason could not alone support the ALJ's assessment of Plaintiff's allegations, Plaintiff has not shown that the ALJ erred in considering the degree to which the objective evidence corroborated his allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

ORDER - 4

Next, Plaintiff argues that the ALJ erred in emphasizing that his condition did not warrant surgery, when considering whether the objective evidence corroborated his allegations. *See* AR at 44 (citing *id*. at 436). Plaintiff contends that an anesthetic block is considered a type of surgery (dkt. # 22 at 8), which may be true, but the same physician that performed the anesthetic blocks defined Plaintiff's "surgical options" as fusion or arthroplasty and recommended against those options. *See* AR at 522. Plaintiff has not shown that the ALJ mischaracterized the evidence related to whether Plaintiff's condition warranted surgery as defined by a physician, or that the ALJ erred in considering this type of evidence when evaluating his allegations. *See* 20 C.F.R. § 416.929(c)(3) (indicating that the Commissioner may look to what type of treatment a claimant seeks to alleviate symptoms, when assessing a claimant's allegations).

Next, Plaintiff contends that the symptom magnification evidence (AR at 458, 502-03) is not sufficiently substantial, particularly when viewed in the context of other evidence that detracts from it. (Dkt. # 22 at 10-11.) At most Plaintiff has offered an alternative interpretation of the record but has not shown that the ALJ was unreasonable in relying on the treatment notes in the record that reasonably suggested symptom magnification. *See Miller v. Berryhill*, 732 F. App'x 526, 528 (9th Cir. Apr. 27, 2018) (affirming an ALJ's discounting of a plaintiff's allegations based in part on an examining physician's finding of "confounding factors" that might suggest symptom magnification). Plaintiff has not shown error in the ALJ's decision with respect to the evidence of symptom magnification, among many other reasons to discount Plaintiff's allegations.

Plaintiff goes on to challenge the ALJ's finding that his cane was not prescribed: he points to evidence submitted to the Appeals Council wherein Plaintiff's treating doctor referred to a treatment note not in the record to argue that an examining provider ignored evidence that

ORDER - 5

1   Plaintiff's May 2019 crutches prescription had been extended indefinitely. *See* AR at 12. That

2   evidence notwithstanding, Plaintiff has pointed to no evidence that undermines the ALJ's finding

3   that Plaintiff's cane was not prescribed during much of the adjudicated period. *See id*. at 553.

4   Moreover, the ALJ pointed to evidence that Plaintiff used a cane for years without a prescription

5   before his treating doctor prescribed crutches. *Id*. at 46 (citing *id*. at 260, 524). This evidence

6   supports the ALJ's assessment of Plaintiff's allegations. *See Verduzco v. Apfel*, 188 F.3d 1087,

7   1090 (9th Cir. 1999) (finding a claimant's use of an assistive device without clear medical

8   indication as one valid credibility consideration).

9          Lastly, Plaintiff challenges the ALJ's findings regarding his lack of mental health

10  treatment. The ALJ found that Plaintiff's lack of medications or counseling suggests that his

11  mental symptoms are not as limiting as alleged (AR at 46), but Plaintiff points to Appeals

12  Council evidence from Plaintiff's treating physician indicating that he is unable to sit or stand

13  during a 30-minute counseling session and that is why he has not been able to receive

14  counseling. *Id*. at 32. Nothing in the record before the ALJ corroborates this: instead, the record

15  indicates that Plaintiff was offered psychiatric medications and declined (*id*. at 453), and

16  Plaintiff's treating physician recommended counseling in June 2016 (*id*. at 459) and Plaintiff

17  completed a three-month course of counseling from August to November 2016 (*id*. at 356-77),

18  after which his therapist instructed him to come back if his anxiety triggers caused him any

19  trouble (*id*. at 361). Plaintiff told a consultative examiner that this course of therapy helped, and

20  that medications did not help. *Id*. at 495-96. This evidence constitutes substantial evidence to

21  support the ALJ's finding that Plaintiff had received limited treatment for his mental complaints,

22  which undermined his allegation of disabling mental limitations persisting after his three months

23  of counseling sessions. *See id*. at 46. This is a valid reason to discount Plaintiff's allegation of

disabling mental limitations. *See* 20 C.F.R. § 416.929(c)(3) (indicating that the Commissioner may look to what type of treatment a claimant seeks to alleviate symptoms, when assessing a claimant's allegations).

To the extent that Plaintiff also alleges error in the ALJ's findings regarding his medication side effects, this argument also fails. The ALJ listed Plaintiff's alleged medication side effects of vertigo, fatigue, drowsiness, lightheadedness, and fogginess (AR at 46), but also noted that Plaintiff displayed normal or mostly normal cognition during exams (*id.*) as well as normal coordination (*id.* at 44-45). The ALJ cited evidence contradicting Plaintiff's alleged medication side effects, and thus did not err in failing to account for those side effects when assessing Plaintiff's RFC.

Because the ALJ provided multiple valid reasons to discount Plaintiff's physical and mental allegations, the Court affirms this portion of the ALJ's decision.

**B.     The ALJ Did Not Harmfully Err in Assessing Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of opinions written by examining provider Mark Mydan, OTR/L, CHT, and treating primary care physician J.W. Raduege, M.D. The Court will address each disputed opinion in turn.

*1.     Legal Standards*

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's

opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

        2.       *The ALJ Did Not Err in Assessing Mr. Mydan's Opinion*

Mr. Mydan performed a functional capacity examination of Plaintiff in September 2018. AR at 524-28. Plaintiff was unable to complete the evaluation tasks "due to reported pain or observed positional instability", and Mr. Mydan was unable to render a specific opinion as to Plaintiff's RFC. *See id*. at 526. He did, however, opine that he believed Plaintiff's reports of pain were reliable (*id*.) and listed limitations consistent with disability (*id*. at 527).

The ALJ found that Mr. Mydan's report was unpersuasive because the deficits he described were inconsistent with the remainder of the treatment record, which indicated normal neurological functioning, unremarkable upper and lower extremities, normal muscle strength and tone, and often unremarkable gait, along with the evidence of pain behavior/symptom

modification and the generally mild or moderate workup. AR at 47. As discussed earlier, the record does contain many normal functional findings that are inconsistent with Mr. Mydan's examination of Plaintiff. Plaintiff argues that the ALJ failed to account for the 2018 objective findings that corroborate Mr. Mydan's conclusions, but, as noted *supra*, Plaintiff cites treatment notes explaining how the cause and location of Plaintiff's pain was pinpointed (dkt. # 22 at 5-7), but those treatment notes do not pertain to Plaintiff's functionality. Plaintiff has failed to show that the ALJ erred in contrasting the longitudinal evidence of Plaintiff's functioning with Plaintiff's functioning during one examination with Mr. Mydan. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

      3.    *The ALJ Did Not Err in Assessing Dr. Raduege's Opinion*

Dr. Raduege completed a form opinion in November 2019, indicating Plaintiff could not perform even sedentary work due to the limitations noted in a functional capacity evaluation (not attached, but possibly Mr. Mydan's). AR at 553-58. The ALJ found this opinion unpersuasive for the same reasons she discounted Mr. Mydan's opinion, and also pointed to some of Dr. Raduege's own normal objective findings as evidence contradicting Dr. Raduege's opinion. *Id*. at 47.

For the same reasons discussed above, Plaintiff has not shown that the ALJ was unreasonable in finding Dr. Raduege's opinion to be inconsistent with the many normal functional findings in the record. This is a valid reason to discount Dr. Raduege's opinion. *See Tommasetti,* 533 F.3d at 1041.

Because Plaintiff has not established that the ALJ erred in assessing either his testimony or the medical opinion evidence, he has not shown that the ALJ's RFC assessment or step-five findings failed to account for any credited evidence or were erroneous in any other respect.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 28th day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge